Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| JOSÉ RUBÉN VÉLEZ MARRERO<br><br>Recurrido<br><br><br>V.<br><br>JOSÉ EDGARDO CASANOVA LÓPEZ; SUCESIÓN DE HAROLD TORO TORO; MICHELLE MARIE TORO TULLA Y OTROS<br><br>Peticionarios | TA2026CE00210 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Cayey<br><br><br>Caso Núm. CY2021CV00447<br><br><br>Sobre: Interferencia Torticera; Daños |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

Rodríguez Casillas, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 9 de marzo de 2026.

**-I-**

El **19 de febrero de 2026**, el licenciado José Rubén Vélez Marrero (en adelante, "señor Vélez Marrero" o "Peticionario"), compareció por derecho propio ante el Tribunal de Apelaciones para que revoquemos la *Resolución Interlocutoria* dictada el 21 de enero de 2025, por el Tribunal de Primera Instancia, Sala Superior de Cayey (en adelante, "TPI"). Mediante esta, el TPI dispuso lo siguiente:

Se suspende la consideración de la Moción de Sentencia hasta tanto termine el descubrimiento de prueba.[1]

Inconforme, el Peticionario acude ante este Panel y nos señala tres (3) errores:

1. Erró el Tribunal de Primera Instancia al suspender la consideración de la sentencia sumaria parcial hasta concluir el descubrimiento, en violación a la Regla 36.3 de Procedimiento Civil.

---

[1] Notificada el 28 de enero de 2026. Entrada Núm. 196 del Sistema Unificado de Manejo y Administración de Casos (en adelante, "SUMAC").

2. Erró al distorsionar la arquitectura procesal del pleito, subordinando una acción real perfeccionada (retracto) a una acción personal (daños), alterando el orden lógico y estructural del caso.

3. Erró al producir un perjuicio estructural que facilita daño continuo bajo litis pendencia, configurando un fracaso irremediable de la justicia conforme a la Regla 52.1.[2]

El **20 de febrero de 2026**, el señor José E. Casanova López compareció en oposición a la expedición del auto de *certiorari*.[3] De igual modo, el **2 de marzo de 2026**, la Sucesión de Harold Toro Toro, compuesta por Michelle Marie Toro Tulla, Harold José Toro Tulla, Iván Manuel Toro Tulla, Marianne Christine Toro Tulla y la viuda Mary Ann Tulla Vargas t/c/c/ Mary Christine Tulla Vargas, comparecieron en oposición; que en conjunto, componen la parte recurrida. (en adelante, "parte recurrida").[4]

**-II-**

En nuestro ordenamiento civil, el auto de *certiorari* es un medio procesal de carácter discrecional que, a su vez, permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[5] Así, se entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[6]

Por ello, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —*vía certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia:

> [E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios

---

[2] Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (en adelante, "SUMAC-TA").

[3] Entradas Núm. 3 y 4 SUMAC-TA.

[4] Entradas Núm. 6 SUMAC-TA.

[5] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).

[6] *García v. Asociación,* 165 DPR 311, 321 (2005).

evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. <u>Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión</u>. […].[7]

Bajo el carácter de discrecionalidad, la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los siguientes criterios para mostrar causa o para la expedición del auto de *certiorari:*

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[8]

En consecuencia, el Tribunal Supremo de Puerto Rico ha dispuesto que:

[D]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.[9]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable —ni perjudica los derechos sustanciales de las partes— deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[10]

**-III-**

---

[7] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1. Énfasis nuestro.
[8] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 63, 216 DPR __ (2025).
[9] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[10] *SLG Zapata- Rivera v. JF Montalvo*, 189 DPR 414, 434 – 435 (2013).

En esencia, el señor Vélez Marrero nos señala que el TPI incidió al suspender la consideración de su moción de sentencia sumaria, hasta tanto se culmine la etapa de descubrimiento de prueba.

De entrada no estamos ante una denegatoria de una moción dispositiva, sino, de una posposición a su consideración hasta que finalice el descubrimiento de prueba. Por lo cual, somos de la opinión de que no estamos ante las **excepciones** de la Regla 52.1 de Procedimiento Civil, *supra*, ni acaecen los **criterios** establecidos en la citada Regla 40 del Reglamento del Tribunal de Apelaciones que nos permitan intervenir con la decisión tomada por el TPI.

Es decir, un examen de la *Resolución Interlocutoria* recurrida nos lleva a determinar que se trata de una decisión dentro del claro ejercicio de discreción, conferido a los tribunales de instancia en el manejo de sus casos de la manera que entiendan razonable.

A tono con lo antes expuesto, resolvemos que no hay prueba en el expediente tendente a demostrar que el TPI abusó de su discreción o actuó con perjuicio, parcialidad o error manifiesto. Razón por la cual, no intervendremos con la determinación recurrida.

**-IV-**

Por los fundamentos antes expuestos, **denegamos** la expedición del auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones